NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

IN RE: MICHAELS STORES, INC., FAIR CREDIT REPORTING ACT (FCRA) LITIGATION

Civ. No. 14-7563 (KM) (JBC)
Civ. No. 15-2547 (KM) (JBC)
Civ. No. 15-5504 (KM) (JBC)
MDL No. 2615

**OPINION & ORDER**

**KEVIN MCNULTY, U.S.D.J.:**

This matter comes before the Court on a motion for reconsideration filed by the defendant in one of the MDL's subsidiary cases, *Michelle Bercut v. Michaels Stores, Inc.*, Civ. No. 15-5504 (the *Bercut* Action). (ECF No. 55)[1] The plaintiff has filed a response to the motion (ECF nos. 59, 60), and the defendant has filed a reply (ECF no. 61). For the reasons stated herein, the motion is denied.

**Background**

This action arises out of alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* The United States Court of Appeals for the Third Circuit remanded the case for further consideration in light of the intervening Supreme Court decision in *Spokeo, Inc. v. Robbins*, 136 S. Ct. 1540, 194 L. Ed. 2d 635 (2016). Considering the complaints in light of *Spokeo*, I dismissed them for lack of Article III standing. (*See* Opinion ("Op."), ECF No. 51, and Order ("Dismissal and Remand Order"), ECF No. 52.)

Because the filing of these complaints had long preceded the decision in *Spokeo*, I entered my Dismissal and Remand Order without prejudice to the

---

[1] ECF citations herein refer to the docket of the *Bercut* Action, Civ. No. 15-5504, unless otherwise specified. References to "Bercut" mean Michelle Bercut (not Janice Bercut, who is one of the plaintiffs and appellants in Civ. No. 15-2547).

filing, within 30 days, of complaints amended to meet the concerns of *Spokeo*. (Op. 20–21) Because the *Bercut* Action, unlike the others, was originally filed in State court but removed to federal court, I ordered not that it be dismissed but that it be remanded to State court. (Op. 20)[2] I stayed the effect of that remand, however, until further order of the Court. (Dismissal and Remand Order ¶2) At the time, I anticipated that the plaintiffs might take advantage of the hiatus to file amended complaints, and did not wish to shuttle the *Bercut* case unnecessarily.

As it turned out, no party, including Bercut, amended its complaint. Rather, on February 23, 2017, the plaintiffs in two other actions, Civ. Nos. 14-7563 and 15-2547, filed a notice of appeal to the United States Court of Appeals for the Third Circuit.[3] That notice of appeal, however, does not encompass the *Bercut* Action. Indeed, it explicitly states that plaintiff Michelle Bercut does "not appeal from that part of the January 24, 2017 [Dismissal and Remand] order remanding her case, Civ. No. 15-5504, to the Superior Court of California, County of Sonoma."

Ms. Bercut's pro-remand stance was understandable; she, of course, never wanted to be in federal court in the first place, and now this federal court had dismissed her complaint. Less understandable was the defendant's inaction in the face of my explicit warning that the *Bercut* Action would be remanded.

My Dismissal and Remand Order stated that if Ms. Bercut did not file an amended complaint within 30 days, "the stay of this remand order will be vacated." *Id.* And so it was. On March 2, 2017, some nine days after the plaintiffs filed their notice of appeal, I entered an order "that the stay of the

---

2      Under 28 U.S.C. § 1447(c), remand was mandatory, even if futile. Citing *International Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991); *Bromwell v. Michigan Mutual Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997); *Giordano v. Wachovia Securities, LLC*, No. 06-476 JBS, 2006 WL 2177036, at *5 (D.N.J. July 31, 2006). The Court lacked jurisdiction to proceed.

3      That joint notice of appeal appears as item 119 on the docket of the lead case, Civ. No. 14-7563.

court's prior order is vacated, and Michelle Bercut's case (Civ. No. 15-5504) is hereby REMANDED to the Superior Court of California, County of Sonoma." ("Order Vacating Stay", ECF No. 53). On March 6, 2017, the Clerk effectuated the remand by sending the Superior Court of California, County of Sonoma, a certified copy of the order of remand and the docket sheet. (ECF no. 54)

On March 16, 2017, Michaels filed a motion (ECF No. 55) for reconsideration of the court's March 2, 2017 Order Vacating Stay, which had permitted the earlier-ordered remand of the *Bercut* Action to proceed. The stay, in Michaels's view, should remain in place pending the other cases' appeal to the Third Circuit of my jurisdictional dismissal. Then, should the Third Circuit find that I was wrong—*i.e.*, that I *did* have subject matter jurisdiction over the cases—the MDL could resume as before. In the meantime, says Michaels, the *Bercut* Action should not proceed on a potentially wasteful and duplicative track in the California state courts.

**Discussion**

The standards governing a motion for reconsideration are well-settled. *See generally* D.N.J. Loc. Civ. R. 7.1(i). Reconsideration is an "extraordinary remedy," to be granted "sparingly." *NL Indus. Inc. v. Commercial Union Ins. Co.*, 935 F. Supp. 513, 516 (D.N.J. 1996). Generally, reconsideration is granted in three scenarios: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004). Local Rule 7.1(i) requires such a motion to specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.*; *see also Egloff v. New Jersey Air Nat'l Guard*, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Irrespective of the high threshold burdens to reconsideration, however, I conclude that the motion should be denied.

First, I consider whether—assuming I possess the power to stay remand indefinitely—Michaels's motion simply comes too late. I think it does.

The stay component of my Dismissal and Remand Order was not, and was not phrased as, a stay pending appeal, whether in the *Bercut* Action itself or in the companion cases; no appeal had been filed, and I did not know if one would be filed. The stay was entered until further order of the Court. The order itself warned Michaels that if no amended complaint was filed within 30 days, the stay of remand would be dissolved. Thirty days went by without an amended complaint, and the notice of appeal was filed. Another week went by before I filed the Order Vacating Stay on March 2, 2017. Four days later, on March 6, 2017, the Clerk closed the file and mailed a certified copy of the order and docket to the California Superior Court (ECF no. 54).

Once that has occurred, a federal court loses jurisdiction and cannot vacate a remand order. *E.g., Hunt v. Acromed Corp.*, 961 F.2d 1079, 1081 (3d Cir. 1992) (citing cases); *see also Agostini v. Piper Aircraft Corp.*, 729 F.3d 350, 355 (3d Cir. 2013) ("According to our precedent, the mailing of a certified copy of the remand order to state court is the event that formally transfers jurisdiction from a district court within this Circuit to a state court."). True, it is technically the lifting of the stay, not the remand order itself, that Michaels seeks to reverse, but where the underlying remand has become irrevocable, that distinction loses its point. Michaels, despite fair warning, did not seek to forestall remand until it was too late.

Second, I conclude that more general prudential concerns weigh against Michaels's motion. My best judgment is that Supreme Court authority establishes that I lack subject matter jurisdiction over this case (and its companions). And lacking subject matter jurisdiction, I lack the power to do anything with respect to an action except to dismiss it (if it originated here) or remand it (if it arrived here *via* removal). *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction [over a case removed from state court], the case shall be

remanded.") So I did remand the *Bercut* Action to state court, citing *International Primate Protection League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991); *Bromwell v. Michigan Mutual Ins. Co.*, 115 F.3d 208, 213 (3d Cir. 1997) ("The language of [28 U.S.C. § 1447(c)] is mandatory—once the federal court determines that it lacks jurisdiction, it must remand the case back to the appropriate state court."); *Giordano v. Wachovia Securities, LLC*, No. 06-476 JBS, 2006 WL 2177036, at *5 (D.N.J. July 31, 2006). The defect here is lack of Article III standing; the Court did not and could not reach the merits. Should state standing doctrines or state causes of action diverge from federal ones—and state claims have been asserted here—the case might well appropriately proceed in state court on some basis. That, however, is not for me to decide.

Of course I might have been wrong about Article III standing; indeed, that is the premise of the appeals in the related cases. As things stand, however, I lack subject matter jurisdiction, and I do not believe I should—or even that I am empowered to— simply hang on to the *Bercut* Action while I wait to see how those related appeals turn out.

### ORDER

Accordingly,

IT IS this 7th day of July, 2017

ORDERED that the defendant's motion for reconsideration (ECF no. 55) is DENIED.

The clerk shall file this Opinion and Order in the lead case, Civ. No. 14-7563, and in Civ. No. 15-5504, and shall close the file.

KEVIN MCNULTY
United States District Judge